# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| PORTS AMERICA CHESAPEAKE, LLC | * |
| and | * |
| | *   Case No. |
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE, INC. | * |
| Plaintiffs, | * |
| v. | * |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 953 | * |
| | * |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND MOTION TO
## VACATE LABOR ARBITRATION AWARD

Plaintiffs, the Steamship Trade Association of Baltimore, Inc. and its employer-member Ports America Chesapeake, LLC, by its undersigned counsel, respectfully files this Complaint and Motion Vacate Labor Arbitration Award seeking to vacate the award of Andrew M. Strongin in favor of International Longshoremen's Association, Local 953.

Because the award failed to draw its essence from the parties' collective bargaining agreement, ignored essential provisions for determining the appropriate definition of applicable guarantees, and the Arbitrator went beyond his authority to re-write the agreement of the parties, the award should be vacated.

The Plaintiffs allege and complain as follows:

1. This action arises under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue lies in this district under 28 U.S.C. §§ 1391(b)(1) and (2), and 29 U.S.C. §§ 185(a) and (c).

3. Ports America Chesapeake, LLC operates a stevedoring company and manages diversified terminal facilities primarily at the Dundalk Marine Terminal ("DMT") and Seagirt Marine Terminal ("SMT") at the Port of Baltimore. PAC utilizes labor represented by International Longshoremen's Association, AFL, CIO, Local 953 ("Local 953").

4. The Steamship Trade Association of Baltimore, Inc. is a Maryland non-profit corporation that holds the bargaining rights for approximately twenty-five, port-wide employers and contractors, including stevedoring firms, terminal operators, service companies, steamship agents, and steamship lines operating in the Port of Baltimore. The STA engages in multi-employer bargaining with Local 953 on behalf of its members, including PAC.

5. The Defendant is a labor union and was the grievant before the Arbitrator in the underlying arbitration. Local 953's officials represent numerous PAC-assigned employees at the Port of Baltimore.

6. PAC, the STA and Local 053 are parties to a collective bargaining agreement, which provides among its terms for arbitration in the event of an unresolved grievance by Local 953.

7. On September 30, 2019, the parties entered into an agreement, the Seagirt Addendum Agreement (the "Seagirt Addendum) that supplemented the more comprehensive Local 953 Checkers and Clerks Agreement.

8. Almost immediately there was a dispute between PAC and Local 953 over payment of incentive pay to Local 953 precheck clerks working on paid holidays at SMT.

9. This dispute was not resolved by the grievance process and was moved to arbitration.

10. Following the arbitration proceedings, Mr. Strongin issued a final Opinion and Award dated March 15, 2019.

11. Mr. Strongin determined that an incentive pay provision in the Seagirt Addendum as an "applicable guarantee" and he not only made incentive pay applicable to holidays, but he rewrote the incentive pay to reflect incentive pay at a higher overtime rate.

12. The Arbitrator used a provision in the Seagirt Agreement intended to ***limit manning and hours*** on holidays, weekends, nights and inclement weather events to expand PAC wage obligation on holidays.

13. The Arbitrator failed to do his job. His decision failed to draw its essence from the contract. Furthermore, the Award evidences a manifest disregard of the law. He violated the express provision in the Local 953 Agreement governing his power and authority inasmuch as he does not possess the power or authority to amend or modify any of the terms of the applicable Local 953 Agreement, and he does not possess the authority to change the meaning of "guarantee", which always references hours, and never included incentive pay. The STA's and PAC's positions are set forth more fully in an accompanying memorandum of law.

**WHEREFORE,** this Court should grant Plaintiff's motion and vacate the labor Arbitration Award and award such further relief as is just and proper.

...

4

Respectfully submitted,

*-s- Michael J. Collins*
The Law Offices of Michael J. Collins PC
7104 Biter Lane
Highland, Maryland 20777
(410) 967-7614 (voice)
(410) 773-9900 (facsimile)
Fed. Bar # 05971
michael@mjcollinslaw.com

Counsel to Plaintiffs, Ports America Chesapeake, LLC and the Steamship Trade Association of Baltimore, Inc.